FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2012 OCT 22 AM 11: 26

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO.: 6:12-cv-1590-ORL-28-TBS

THOMAS E. GENTRY as Personal
Representative in re Estate of SANDRA LEE
GENTRY, Deceased,

    Plaintiff,

v.

PRIME, INC. or NEW PRIME INC. d/b/a
PRIME INC.,

    Defendants.
_____/

## DEFENDANT PRIME, INC.'S
## NOTICE OF REMOVAL

**COMES NOW**, the Defendant, PRIME, INC. (hereinafter "Defendant"), by and through undersigned counsel, hereby files their Notice of Removal of the above-styled cause pursuant to 28 U.S.C. § 1332 and § 1446, from the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, in which this action is pending, to the United States District Court, Middle District of Florida, and show unto this Court the following:

    1.    This cause is a wrongful death negligence claim originally filed by Plaintiff, THOMAS E. GENTRY, a citizen of Brevard County, Florida, in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, Case No. 2012-32426CICI. Specifically, Plaintiff alleges that the Defendant, PRIME, INC., is a foreign corporation with its principal place of business in Springfield, Missouri, and the Defendant's unknown phantom driver, negligently operated a motor vehicle owed by the Defendant, PRIME, INC., so as to cause it to contact with Plaintiff, THOMAS E. GENTRY, on or about November 26, 2011, causing the death of his Wife,

*Page 2*

Sandra Lee Gentry, in Volusia County, Florida. This action is brought by the Plaintiff pursuant to Florida's Wrongful Death Act.

2. The Defendant, PRIME, INC., is a "trucking company" that does business throughout the United States of America, but is a Citizen of the state Missouri with its primary place of business in Springfield, Missouri.

3. Written notice of the filing of this Notice of Removal, this day, has been given to the Plaintiff, through his attorney of record, James W. Ledford, Esq., James W. Ledford, P.A., *Attorneys for Plaintiff*, 787 South Yonge Street, Ormond Beach, Florida 32174.

4. A copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida.

5. Defendant files with this Notice of Removal true and correct copies of all pleadings and orders served and filed in the above-captioned state action. (*See* Composite Exhibit "A.")

6. This Notice of Removal is hereby filed by the Defendant within the time prescribed pursuant to 28 U.S.C. §1446, after this Defendant first received notice when a Summons and Complaint in this action was served on October 2, 2012.

7. At this time, and at the time of the accident, the Plaintiff, THOMAS E. GENTRY, was a citizen of Brevard County, Florida and a citizen of the state of Florida. The Defendant, PRIME, INC. is a citizen of the State of Missouri with its primary and principal place of business in Springfield, Missouri.

8. Removal is appropriate in this matter because the Co-Defendant, NEW PRIME, INC. d/b/a PRIME, INC., was admittedly improvidently, mistakenly or fraudulently joined in this matter. The Co-Defendant, NEW PRIME, INC. d/b/a PRIME, INC., is a grocery store located in Tarpon

Springs, Florida. The registered agent for NEW PRIME, INC. d/b/a PRIME, INC., Gazi Rahman, has advised that NEW PRIME, INC. d/b/a PRIME, INC. is not a "trucking company" and does not currently own and/or operate any tractor-trailer vehicles and did not do so on the date of the motor vehicle accident in this matter. Additionally, Mr. Rahman has advised all the parties in this matter, including Plaintiff's counsel, that NEW PRIME, INC. d/b/a PRIME, INC. did not have any involvement in the November 26, 2011, motor vehicle accident and does not object to the removal of this matter from the Seventh Judicial Circuit in and for Volusia County, Florida to the United States District Court for the Middle District of Florida.

9. Additionally, the registered agent for NEW PRIME, INC. d/b/a PRIME, INC., Gazi Rahman, has advised counsel that he has been contacted by the Plaintiffs counsel who has notified Mr. Rahman by electronic correspondence that the Plaintiff is on voluntarily dismissing the Co-Defendant, NEW PRIME, INC. d/b/a PRIME, INC, from this lawsuit and intends on filing an Amended Complaint without NEW PRIME, INC. d/b/a PRIME, INC., as a Co-Defendant. (*See* Electronic correspondence from Plaintiff's counsel, James L. Ledford, Esq., to Gazi Rahman dated October 16, 2012, hereto attached as Exhibit "B").

10. This removal is therefore based on the inappropriate, mistaken, improvident, fraudulent joinder of the Co-Defendant, NEW PRIME, INC. d/b/a PRIME, INC., as a non-diverse Defendant. *See Triggs v. John Crump Toyota*, 154 F. 3d 1284, 1287 (11th Cir. 1998). The fraudulent joinder doctrine provides an exception to the requirement of complete diversity permitting removal when a non-diverse party was fraudulently joined. *Id.* Joinder is fraudulent when, "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id. (internal citations omitted).*

11. Upon information and belief the Plaintiff has served the Co-Defendant, NEW PRIME, INC. d/b/a PRIME, INC., because the Plaintiff has been unable to identify the exact tractor- trailer vehicle alleged to have been involved in the November 26, 2011, motor vehicle accident and has brought suit against all parties with the name "Prime". This is evidenced in the manner the Plaintiff filed their initial Complaint listed the Defendant as Prime, Inc. **or** New Prime, Inc. d/b/a Prime, Inc.

12. There is no evidence to substantiate that either the Co-Defendant, NEW PRIME, INC. d/b/a PRIME, INC., or this Defendant had any involvement in the November 26, 2011, motor vehicle accident as there is nothing in the accident report. The Defendant concedes that the Co-Defendant, NEW PRIME, INC. d/b/a PRIME, INC., is a Florida corporation, but jurisdiction is however still appropriate before This Court, the United States District Court for the Middle District of Florida because, the Co-Defendant, NEW PRIME, INC. d/b/a PRIME, INC., does not have any involvement in the present lawsuit, was only served due to their company name and should and will be ultimately be dismissed from this lawsuit by the Plaintiff as the Plaintiff has addvised. The only remaining reason the Plaintiff could allege to maintain a lawsuit against the Co-Defendant, NEW PRIME, INC. d/b/a PRIME, INC., is to destroy diversity in this matter.

13. Therefore, at the commencement of this action, and at the time of filing this Notice of Removal, PRIME, INC., was and is a citizen of Missouri and a foreign corporation with its principal place of business in Springfield, Missouri, and therefore diversity of citizenship exists.

14. Further, this lawsuit is based on the death of the Plaintiff's wife, Sandra Lee Gentry, which the Plaintiff has alleged to have been caused by the Defendant, when a tractor-trailer allegedly owned and operated by the Defendant came in contact with Plaintiff while the Plaintiff was driving

his 2006 Travel Supreme motor home bearing Florida Tag 669VJT. The Plaintiff has alleged that as a direct and proximate result of the negligence of the Defendant the Plaintiff's deceased wife, Sandra Lee Gentry, was killed and the Plaintiff has incurred damages as a result of her death. It is anticipated that based on the death of the Plaintiff's wife, Sandra Lee Gentry, the damages claimed by the Plaintiff will obviously exceed the minimal jurisdictional amount of $75,000.00. Thus, this action exceeds the minimum $75,000.00 amount in controversy requirement pursuant to 28 U.S.C. §1332(a), beyond all doubt, and diversity jurisdiction lies in this Court.

15. Therefore, this case is removable, with process having first been first served on this Defendant on October 2, 2012.

16. Pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1332, this Court has original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and is between a citizen of a state and a citizen of a foreign state or citizen of different Staes. This action is one in which this Court has original jurisdiction since it involves a controversy obviously exclusively between a citizen of a state and a citizen of a foreign state (Florida and Missouri), and since the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332.

17. There are no other parties, Defendants or otherwise, in this action.

18. Based on the foregoing, the Defendant, PRIME, INC. submits that removal of this action is authorized under 28 U.S.C. §1332 and §1441.

WHEREFORE, Defendant, PRIME, INC., respectfully requests this Honorable Court take jurisdiction of this action, and that the removal of this cause to this Court is hereby effectuated. Respectfully submitted, this 19th day of October, 2012.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 19th, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: **James W. Ledford, Esq.**, Attorneys for Plaintiff, James W. Ledford, P.A., 787 South Yonge Street (US#1), Ormond Beach, FL 32174, jameswledford@ledfordlaw.com.

/s/ **Edward R. Nicklaus, Esq.**
Florida Bar No.: 138399
Attorneys for Defendant, Prime, Inc.
NICKLAUS & ASSOCIATES, P.A.
4651 Ponce de Leon Boulevard, Suite 200
Coral Gables, Florida 33146
Telephone: (305) 460-9888
Facsimile: (305) 460-9889
edwardn@nicklauslaw.com